E-FILED
Wednesday, 04 November, 2015  04:36:09 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PENSION BENEFIT GUARANTY CORPORATION<br>1200 K Street, N.W.<br>Washington, D.C. 20005<br><br>Plaintiff,<br>v.<br><br>TITAN INTERNATIONAL, INC.<br>2701 Spruce Street<br>Quincy, Illinois 62301<br><br>Defendant. | Case No. |

## COMPLAINT

1.      This action arises under Title IV of the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1301-1461 (2012, Supp. I 2013) ("ERISA").

2.      Plaintiff, Pension Benefit Guaranty Corporation ("PBGC"), brings this action against Defendant, Titan International, Inc. ("Titan"), under 29 U.S.C. §§ 1303(e)(1) and 1341 to enforce the provisions of Title IV of ERISA with respect to the Spun Steel Division of Dyneer Corporation Pension Plan for Hourly Rate Employees (the "Plan").

### Jurisdiction and Venue

3.      This Court has jurisdiction over this action under 29 U.S.C. § 1303(e)(3), as well as under 28 U.S.C. §§ 1331 and 1345.

4.      Venue properly lies in this Court under 29 U.S.C. § 1303(e)(2).

### Parties

5.      PBGC is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the provisions of the pension termination

insurance program created under Title IV of ERISA.  Under 29 U.S.C. § 1303(e)(1), PBGC may

bring civil actions for appropriate relief, legal or equitable, to enforce the provisions of Title IV

of ERISA.  PBGC has continuing authority after a plan's standard termination to enforce the

provisions of Title IV of ERISA.  29 U.S.C. § 1341(b)(4).

6.      Titan is an Illinois corporation, with its headquarters and principal place of

business in Quincy, Illinois.

7.      In 1993, Titan purchased 100% of the stock of Dyneer Corporation ("Dyneer").

8.      Dyneer was the Plan's contributing sponsor, within the meaning of 29 U.S.C.

§ 1301(a)(13).

## General Allegations

9.      The Plan was established in 1957.

10.      On information and belief, Die Monde Tool and Machine Co., Inc. ("Die

Monde") or Automatic Steel Products, Inc. (also known as "ASPRO") was the Plan's original

contributing sponsor.

11.      ASPRO purchased Die Monde on January 15, 1965.

12.      In 1978, ASPRO changed its name to Dyneer.

13.      Die Monde, ASPRO, and then Dyneer operated the same plant in Canton, Ohio

(the "Spun Steel Plant").

14.      The Plan was collectively bargained.

15.      The Plan covered hourly employees of the International Union, Automobile,

Aerospace and Agricultural Implement Workers of America, Local 917 ("Local 917").

16.　　The Plan was a single-employer, defined benefit pension plan covered by Title IV of ERISA.  29 U.S.C. § 1321.

17.　　██████████ ("██████████"), a participant in the Plan, born in 1944, was a member of Local 917, and was an hourly employee at the Spun Steel Plant from 1964 through 1974.[1]

18.　　In 1981, Dyneer closed the Spun Steel Plant.

19.　　After the Spun Steel Plant's closing, ██████████ made an inquiry to Dyneer about his future Plan benefit.

20.　　By letter dated January 25, 1982, Dyneer informed ██████████ that, upon reaching age 62, he would be eligible to apply for a monthly benefit of $84.80 under the Plan.

21.　　Effective July 30, 1984, to obtain a reversion of Plan assets in excess of the Plan's benefit liabilities, Dyneer took certain steps toward completing a termination of the Plan under section 1341(a) of ERISA.  The Plan's termination date was July 30, 1984.

22.　　At the time the Plan terminated, Title IV required that in a termination under 29 U.S.C. § 1341(a)-(b) (1984), all guaranteed ("basic") benefits be paid, and that the plan administrator report certain information to PBGC.  29 U.S.C. §§ 1301(a)(6), 1341(a)-(b) (1984); *see also* 29 C.F.R. §§ 2616.1-2617.23 (1984) (regarding reporting information).

23.　　Dyneer purchased an irrevocable commitment, in the form of an annuity from Prudential Asset Management Company, Inc. ("Prudential"), Group Annuity Contract #GA-4184 (the "Annuity Contract"), to pay all benefits owed under the Plan.

---

[1] In accordance with CDIL-LR 5.11, PBGC has filed two Complaints with the Court: one redacted for docketing, and one unredacted for use by chambers.

24.     The Plan did not include a lump sum payment option for benefits greater than $10.00 per month, and Dyneer reported to PBGC that no lump sums were paid on termination.

25.     In approximately January 2010, a few months after turning ███████ 65, contacted Prudential regarding payment of his Plan benefit.

26.     By letter dated January 22, 2010, Prudential informed ████████ that no benefit was purchased for him under the Annuity Contract.

27.     ████████ then contacted the Mid-America Pension Rights Center ("MAPRC") for help in obtaining his Plan benefit.

28.     On September 18, 2012, MAPRC asked PBGC to pay ████████ benefit.

29.     On December 4, 2012, after requesting and receiving additional documentation from MAPRC regarding ████████, PBGC determined that ████████ was entitled to a benefit under the Plan.

30.     Thereafter, PBGC began an investigation to determine whether any existing entity was responsible for the payment of ████████ benefit.

31.     PBGC's investigation determined that in 1993, Titan purchased 100% of the stock of the Plan's contributing sponsor, Dyneer.

32.     As a result of the stock purchase, Titan assumed all of Dyneer's liabilities with respect to the Plan.

33.     In February 2014, PBGC contacted Titan regarding ████████ benefit, and Titan represented that it would research the issue and get back to PBGC.

34.     After Titan failed to get back to PBGC, PBGC sent a letter to Titan on May 21,
2015, stating that ████████████ Plan benefit was an unpaid liability of Dyneer when Titan
purchased Dyneer's stock, and remains an unpaid liability.

35.  PBGC also requested in the letter that Titan confirm or deny liability for the benefit
by June 5, 2015, and stated that failure to do so would result in PBGC paying ████████████
benefit and taking appropriate legal action against Titan.

36.     To date, Titan has not responded to PBGC's May 21, 2015 letter, nor has it paid
████████████ .

## CLAIM FOR RELIEF

### Nonpayment of Title IV Benefits

37.     PBGC repeats and re-alleges paragraphs 1-36

38.     All guaranteed benefits under the Plan were not paid, in violation of the provision
of Title IV of ERISA that applied at the Plan's termination date.  29 U.S.C. § 1341(a)-(b) (1984).

39.     When Titan purchased Dyneer's stock, ████████████ benefit was an unpaid
liability of Dyneer.

40.     As purchaser of 100% of Dyneer's stock, Titan assumed the then-unpaid
liabilities of Dyneer.

41.     ████████████ guaranteed Plan benefit is an unpaid liability of Titan.

42.     Guaranteed benefits owed to ████████████ under the Plan total $21,372.22,
consisting of a back payment of $10,163.22 and future monthly benefit payments with a present
value as of October 1, 2015, of $11,209.00.

43.     Pursuant to its guarantee under 29 U.S.C. § 1322(a), PBGC has assumed payment of Titan's liability to ████████████ .

44.     On October 1, 2015, pursuant to ████████████ election of a straight-life annuity, PBGC began making benefit payments to ████████████ , consisting of a back payment of $10,163.22 and benefit payments of $84.80 per month, payable for the rest of ████████████ life.

## PRAYER FOR RELIEF

WHEREFORE, PBGC respectfully requests that this Court:

1.     Find Titan liable in the amount of the benefit liability owed to ████████████ under the Plan;

2.     Order Titan to indemnify PBGC in the amount of the present value of the benefit liability owed to ████████████ under the Plan;

3.     Award PBGC all of its costs and expenses incurred in connection with this action under 29 U.S.C. § 1303(e)(5); and

4.      Grant such other legal or equitable relief as shall be just and proper.


Dated: November 4, 2015                    Respectfully submitted,

                                           /s/ Damarr M. Butler
                                           ISRAEL GOLDOWITZ
                                           Chief Counsel
                                           JAMES J. ARMBRUSTER
                                           Acting Deputy Chief Counsel
                                           SARA B. EAGLE
                                           Assistant Chief Counsel
                                           DAMARR M. BUTLER
                                           Attorney
                                           Pension Benefit Guaranty Corporation
                                           Office of the Chief Counsel
                                           1200 K Street, N.W.
                                           Washington, D.C. 20005
                                           Telephone: (202) 326-4020, ext. 6883
                                           Fax:  (202) 326-4112
                                           Emails:  butler.damarr@pbgc.gov *and*
                                                    efile@pbgc.gov